1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

ANTHONY SCALES                    )
                                  )
            Petitioner,           )      No.   CV 07-0451-TUC-DCB (BPV)
vs.                               )
                                  )
                                  )      **REPORT AND RECOMMENDATION**
RICARDO CHAVEZ,                   )
                                  )
            Respondent.           )
_____ )

On September 10, 2007, Anthony Scales, ("Petitioner"), presently confined in the United States Penitentiary, Tucson, Arizona, filed a Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody (Doc. No. 1).  Named as Respondent in the Petition is Warden Ricardo Chavez.  Respondent filed a Return and Answer to Order to Show Cause why Petition for Writ of Habeas Corpus Should Not be Granted ("Answer") on October 22, 2007, with exhibits 1 through 3 attached. (Doc No. 8)   Petitioner filed a reply ("Reply") on December 27, 2007.  (Doc. No. 11)

Pursuant to the Rules of Practice of this Court**,** this matter was referred to Magistrate Judge Bernardo P. Velasco for a Report and Recommendation.  (Doc. No. 12)

For the reasons discussed below, the Magistrate Judge recommends that the District Court enter an order dismissing the Petition.

**I.      PROCEDURAL BACKGROUND**

**A.      Trial and Sentence**

On August 5 and 6, 1998, after a three day jury trial in the United States District Court for the Eastern District of Virginia, Petitioner was found guilty of distribution of

crack cocaine; use and carry of a firearm during a crime of violence or drug trafficking offense; possession with intent to distribute crack cocaine; use and carry of a firearm during a crime of violence or drug trafficking offense; possession of a firearm by a convicted felon; obstruction of justice; attempted killing of a witness (tampering) and aiding and abetting; and possession with intent to distribute crack cocaine. (Return and Answer to Order to Show Cause (Doc. No. 8) "Answer" Ex. 3 - p 15-16 of Criminal Docket for Case No. CR 98-114 Eastern District of Virginia ("CR 98-114"); *United States v. Scales*, 2 Fed Appx. 390, 391 (4th Cir. 2001))[1].  Petitioner received a life sentence under 18 U.S.C. § 3559, plus forty-five years.  (Answer, Ex. 3, p.18)  *Id.*

**B.**     **Motion to Correct Sentence**

On June 30, 1999, the sentencing court treated a letter dated April 12, 1999, as a motion to correct sentence pursuant to Rule 35 of the Rules of Criminal Procedure; Petitioner's motion was denied as untimely by the sentencing count on June 30, 1999. (Answer, Ex. 3, p. 20)

**C.**     **Appeal**

Petitioner appealed, alleging, among other things, that the sentencing court erred by sentencing him to a life conviction under 18 U.S.C. § 3559.  *Id.*  Petitioner filed a *pro se* supplemental brief, pursuant to Fed.R.App.P., 28(j), alleging that his drug sentences were invalid under *Apprendi v. New Jersey*, 530 U.S. 466 (2000).  *Scales*, Fed.Appx. at 392-93.

The United States Court of Appeals, Fourth Circuit, affirmed Petitioner's convictions and sentence.  *Id.*  The Fourth Circuit found that Petitioner's claim as to § 3559(c) failed for several reasons.  First, the panel opinions that Petitioner relied upon for his argument had been vacated by their respective *en banc* courts, citing *United*

---

[1]   The factual background has been adequately summarized by the sentencing court in *United States v. Scales*, 231 F.Supp. 437 (E.D.Virg. 2002), and will not be restated in this report.

1  *States v. Kaluna*, 192 F.3d 1188, 1197-98 (9th Cir. 1999) (*en banc*), *cert denied* 529

2  U.S. 1056 (200); and *United States v. Gatewood*, 230 F.3d 186 (6th Cir. 2000) (*en banc*).

3  Second, because Petitioner failed to object to this sentence before the sentencing court,

4  the Fourth Circuit reviewed this issue only for plain error, and found none.  *Scales*, 2

5  Fed.Appx. at 393.

6        Petitioner, by counsel, subsequently filed a petition for a writ of certiorari with

7  the United States Supreme Court, which was denied on June 11, 2001.  *See Scales v.*

8  *United States*, 533 U.S. 910 (2001) ( NO. 00-9847).

9        **D.**    **Petition for Post-Conviction Relief**

10        After Petitioner's conviction and sentence were upheld on appeal, Petitioner

11  filed a *pro se* motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. §

12  2255.  Specifically, the sentencing court considered the motion to vacate, opposition,

13  and reply thereto; the government's response to Petitioner's reply, Petitioner's reply to

14  the government's response, and two letters from Petitioner, with attachments, one dated

15  September 17, 2002, and the other dated November 11, 2002.  *United States v. Scales*,

16  231 F.Supp.2d 437, n.1, (E.D.Virg. 2002).

17        The sentencing court considered several claims of ineffective assistance of

18  counsel, including Petitioner's claim that appellate counsel was ineffective in failing

19  to challenge his sentence of mandatory life imprisonment on Count 7, pursuant to 18

20  U.S.C. § 3559(c).  The sentencing court found that, contrary to Petitioner's contention,

21  "appellate counsel did challenge on direct appeal [the sentencing court's] decision that

22  defendant's 1981 robbery Conviction constituted a serious violent felony sufficient to

23  qualify defendant for a sentence of life imprisonment under 18 U.S.C. § 3559(c)"

24  Furthermore, the sentencing court found that the Fourth Circuit had also rejected this

25  argument and affirmed the life sentence as to Count 7, and this was fatal to Petitioner's

26  claim; the issue having been fully considered and rejected on direct appeal it could not

27

28

                                             - 3 -

1  now be relitigated by Petitioner through the use of a § 2255 motion. *Scales*, 231

2  F.Supp.2d at 445.

3       Additionally, the sentencing court found that, even assuming counsel's

4  performance to be unreasonable, it simply did not prejudice Petitioner, as his sentence

5  under 18 U.S.C. § 3559(c) was proper in all respects.  Upon examination of the record

6  it appeared that each of the requisite prior felony convictions, including Petitioner's

7  1981 robbery Conviction, was properly included in the § 3559(c) calculus, and

8  Petitioner's arguments to the contrary are unsupported and unpersuasive. *Scales*, 231

9  F.Supp.2d at 445.

10      Thereafter, the Fourth Circuit denied Petitioner's motion for a certificate of

11  appealability, and dismissed his appeal of the sentencing court's order denying relief

12  on his motion filed under § 2255. *See United States v. Scales*, 60 Fed.Appx. 977 (4th

13  Cir. 2003).  Petitioner subsequently filed a petition for a writ of certiorari with the

14  United States Supreme Court, which was denied on October 6, 2003. *See Scales v.*

15  *United States*, 540 U.S. 911 (2001) ( NO. 03-5474).

16       **E.     Motion to File Second or Successive Petition**

17      Petitioner next filed a motion pursuant to 28 U.S.C. § 2244 for authorization to

18  file a successive application for relief.  This motion was denied by the Fourth Circuit

19  Court of Appeals on November 4, 2005.  (Answer, Ex. 3, p. 24, Doc. No. 100).

20       **F.     Federal Habeas**

21      Petitioner has now filed a Petitioner under 28 U.S.C. § 2241 for a Writ of Habeas

22  Corpus by a Person in Federal Custody, challenging his sentence of life imprisonment

23  under the federal "Three Strikes" statute, 18 U.S.C. § 3559(c), imposed by the United

24  States District Court for the Eastern District of Virginia in matter # CR 98-114.

25      The sole ground Petitioner presents in his Petition in support of his request for

26  habeas relief is that he is "actually factually innocent of the sentence enhancement he

27  received under the 'Three Strikes' statute."

28                                    - 4 -

1    **II.**    **DISCUSSION**

2       **A. <u>Jurisdiction</u>**

3         A federal prisoner challenging the legality of a sentence must generally do so by

4 motion raised in the sentencing court pursuant to 28 U.S.C. § 2255. *See Harrison v.*

5 *Ollison* 519 F.3d 952, 954 (9th Cir. 2008) A prisoner who wishes to challenge the

6 manner, location, or conditions of a sentence's execution must bring a petition pursuant

7 to § 2241 in the custodial court. *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th

8 Cir.2000).  There is an exception, however, set forth in § 2255: A federal prisoner may

9 file a habeas petition under § 2241 to challenge the legality of a sentence when the

10 prisoner's remedy under § 2255 is "inadequate or ineffective to test the legality of his

11 detention." 28 U.S.C. § 2255.  This section of § 2255 is referred to as the "savings

12 clause," or the "escape hatch." *Hernandez*, 204 F.3d at 864 n. 2; *Stephens v. Herrera*,

13 464 F.3d 895, 897 (9th Cir.2006) (internal quotation marks omitted). If a prisoner's

14 claims qualify for the escape hatch of § 2255, the prisoner may challenge the legality

15 of a sentence through a § 2241 petition in the custodial court. *Hernandez*, 204 F.3d at

16 865.

17         As the District Judge previously found, the Petitioner in this instance is clearly

18 challenging the legality of his federally imposed sentence in this Petition.  Thus,

19 Petitioner may not proceed by way of this § 2241 Petition absent a showing that his

20 remedy by way of a § 2255 motion is inadequate or ineffective to test the legality of his

21 detention.  (Doc. No. 4, p.2)

22           *1.*     *Inadequate or Ineffective*

23         The Ninth Circuit has recognized that the exception provided by the savings

24 clause is a narrow one. *United States v. Pirro*, 104 F.3d 297, 299 (9th Cir. 1997); *Ivy*

25 *v. Pontesso*, 328 F.3d 1057, 1060 (9th Cir. 2003) (a petitioner must show actual

26 innocence and that he never had the opportunity to raise it by motion to demonstrate

27 that § 2255 is inadequate or ineffective); *Holland v. Pontesso*, 234 F.3d 1277 (9th Cir.

28

1    2000) (§ 2255 not inadequate or ineffective because Petitioner misses statute of

2    limitations); *Aronson v. May*, 85 S.Ct. 3, 5, 13 L.Ed.2d 6 (1964) (a court's denial of a

3    prior § 2255 motion is insufficient to render § 2255 inadequate.); *Tripati*, 843 F.2d at

4    1162- 1163 (9th Cir. 1988) (a petitioner's fears of bias or unequal treatment do not

5    render a § 2255 petition inadequate); *Williams v. Heritage*, 250 F.2d 390 (9th Cir. 1957);

6    *Hildebrandt v. Swope*, 229 F.2d 582 (9th Cir. 1956); *see United States v.*

7    *Valdez-Pacheco*, 237 F.3d 1077, 1080 (9th Cir. 2001) (procedural requirements of §

8    2255 may not be circumvented by invoking the All Writs Act, 28 U.S.C. § 1651).   The

9    burden is on the petitioner to show that the remedy is inadequate or ineffective. *Redfield*

10   *v. United States*, 315 F.2d 76, 83 (9th Cir.1963).

11         In the Ninth Circuit, a motion qualifies for the escape hatch of § 2255 "when a

12   petition (1) makes a claim of actual innocence, and (2) has not had an unobstructed

13   procedural shot at presenting that claim." *See Stephens v. Herrera*, 464 F.3d 895, 897

14   (9th Cir. 2006).  It is not enough that a petitioner is presently barred from raising a claim

15   of innocence by motion under § 2255, he must never have had the opportunity to raise

16   it.  *Ivy v. Pontesso*, 328 F.3d 1057, 1060 (9th Cir. 2003) (as amended).

17                        *2.    Actual Innocence*

18         The United States Supreme Court, in the context of procedural default, has

19   recognized the actual innocence exception when the applicant can demonstrate actual

20   innocence of the substantive offense, *Murray v. Carrier*, 477 U.S. 478, 496, (1986), or,

21   in the capital sentencing context, of the aggravating circumstances rendering the inmate

22   eligible for the death penalty, *Sawyer v. Whitley*, 505 U.S. 333 (1992).  Although the

23   issue whether the exception applies where an applicant asserts "actual innocence" of

24   a non-capital sentence came before the Supreme Court recently, the Court declined to

25   address the issue, instead, remanding to allow the district court to consider alternative

26   grounds for relief, and obviating the need to reach the actual innocence question.

27   *Dretke v. Haley*, 541 U.S. 386 (2004).

28

1    There is presently a split between the circuits on the issue, with the Seventh,

2  Eighth, and Tenth Circuits holding that the exception does not apply to non-capital

3  sentences, *see United States v. Richards*, 5 F.3d 1369 (10th Cir. 1993), *Embrey v.*

4  *Hershberger*, 131 F.3d 739 (8th Cir. 1997), *Hope v. United States*, 108 F.3d 119 (7th Cir.

5  1997); the Fourth and Fifth Circuits holding that the actual innocence exception does

6  apply in such cases, but only regarding those sentenced under habitual offender statutes,

7  *see Haley v. Cockrell*, 306 F.3d 257 (5th Cir. 2002), *vacated sub nom. Dretke v. Haley*,

8  124 S. Ct. 1847 (2004), *United States v. Mikalajunas*, 186 F.3d 490 (4th Cir. 1999); and

9  the Second Circuit alone holding that the exception applies to the sentencing phase of

10 all non-capital cases, *see Spence v. Superintendent, Great Meadow Corr. Facility*, 219

11 F.3d 162 (2nd Cir. 2000).  The Ninth Circuit has not yet decided if the actual innocence

12 exception does or does not apply to the sentencing phase of non-capital cases, or if it

13 would apply in the more narrow circumstances, such as those in the case before this

14 Court, of those sentenced under habitual offender statutes.

15    In the Ninth Circuit, a claim of actual innocence for purposes of the escape hatch

16 of § 2255 is tested by the standard articulated by the Supreme Court in *Bousley v.*

17 *United States*, 523 U.S. 614 (1998).  *Stephens*, 464 F.3d at 898-899. That is, to establish

18 actual innocence, "petitioner must demonstrate that, in light of all the evidence, it is

19 more likely than not that no reasonable juror would have convicted him." *Bousley*, 523

20 U.S. at 623 (internal quotation marks omitted); *see also Lorentsen v. Hood*, 223 F.3d

21 950, 954 (9th Cir. 2000) (quoting this passage from *Bousley* ).

22    In this case, Petitioner asserts that he is "actually, factually innocent" of the

23 sentencing enhancement under 28 U.S.C. § 3559(c), because the sentencing court relied

24 on non-qualifying predicate felony convictions to enhance his sentence.

25    First, Petitioner contends that his predicate conviction  F-5028, entered on April

26 14, 1981, for which he was sentenced to an indeterminate sentence of no more than 3

27 years imprisonment in accordance with Virginia Code § 19.2-311, is inconsistent with

28                                          - 7 -

1  Virginia Code § 18.2-53.1, which requires imposition of a mandatory sentence upon a

2  conviction for the use of a firearm during the commission of a felony, and thus prevents

3  a trial court from sentencing a person to an indeterminate commitment to the

4  Department of Corrections.  (Petition, p. 5, Ex.s. A, B)  Petitioner relies on *LaFleur v.*

5  *Com*, 6 Va.App. 190 (1988) in support of his argument.

6      Petitioner's reliance on *LaFleur* is misplaced for many reasons.  The defendant

7  in *LaFleur* was convicted of four counts of use of a firearm in the commission of a

8  felony, under Virginia Code § 18.2-53.1, in addition to four counts of robbery.

9  Petitioner, however, was not convicted under Virginia Code § 18.2-53.1.  Thus, unlike

10  the defendant in *LaFleur*, there was no tension between sentencing statutes in

11  Petitioner's case, as Petitioner was sentenced pursuant solely to Virginia Code § 19.2-

12  311.  Second, *LaFleur* was decided approximately seven years after Petitioner was

13  sentenced.  Thus, to the extent there had been any tension between sentencing statutes

14  in Petitioner's case, it was not resolved in any way that would help to clarify

15  Petitioner's conviction obtained in 1981.  Presumably, LeFleur's case arose because of

16  inconsistencies in the way trial courts applied the mandatory provisions of the firearm

17  act versus the lenient provisions of the youthful offender act.  *LeFleur* resolved those

18  tensions, but only in the case in which a defendant was convicted under both statutes.

19      Thus, Petitioner's arguments are not persuasive and he has not met his burden

20  of demonstrating that it is more likely than not that the predicate conviction, F–5028,

21  is a non-qualifying predicate under 18 U.S.C. § 3559(c).

22      The second predicate conviction resulted from a two count indictment following

23  charges in the United States District Court for the Eastern District of Virginia, charging

24  Petitioner with assault with a dangerous weapon, and robbery in violation of 18 U.S.C.

25  § 2111.  (Petition, p.6)  Petitioner was found guilty by jury of count two, the robbery.

26  (Petition, Ex. C)  Petitioner asserts that neither the statute of conviction nor instructions

27

28                                          - 8 -

to the jury required the findings for use of a firearm weapon in commission of the robbery.  (Petition, p.7)

It is not enough, however, under § 3559(c) for Petitioner to show that the Government did not prove that he was not convicted of using a firearm to commit the offense.

Title 18 U.S.C. § 3559(c)(1) provides:

Notwithstanding any other provision of law, a person who is convicted in a court of the United States of a serious violent felony shall be sentenced to life imprisonment if-

(A)    the person has been convicted  (and those convictions have become final) on separate prior occasions in a court of the United States or of a State of-

(i)      2 or more serious violent felonies; or

(ii)     one or more serious violent felonies and one or more serious drug offenses; and

(B)    each serious violent felony or serious drug offense used as a basis for sentencing under this subsection, other than the first, was committed after the defendant's conviction of the preceding serious violent felony or serious drug offense.

In 18 U.S.C. § 3559(c)(2)(F), Congress defines the term "serious violent felony" for the purpose of § 3559(c)(1) to mean:

(i)     a Federal or State offense, by whatever designation and wherever committed, consisting of ... robbery (as described in section 2111, 2113, or 2118); ... or attempt, conspiracy, or solicitation to commit any of the above offenses; and

- 9 -

1        (ii)     any other offense punishable by a maximum term of imprisonment

2                  of 10 years or more that has as an element the use, attempted use,

3                  or threatened use of physical force against the person of another

4                  or that, by its nature, involves a substantial risk that physical force

5                  against the person of another may be used in the course of

6                  committing the offense[.]

7    Title 18 U.S.C. § 3559(c)(3)(A) provides in pertinent part:

8        Robbery ... shall not serve as a basis for sentencing under this subsection

9        [3559(c) ] if the defendant establishes by clear and convincing evidence

10       that-

11           (i)     no firearm or other dangerous weapon was used in

12                 the offense and no threat of use of a firearm or other

13                 dangerous weapon was involved in the offense; and

14           (ii)    the offense did not result in death or serious bodily

15                 injury ... to any person.

16   Section 3559(c)(1) places the burden on the government to demonstrate that a defendant

17   was convicted of at least two prior offenses that qualify as "serious violent felonies"

18   under § 3559(c)(2)(F).  *U.S. v. Kaluna*  192 F.3d 1188, 1193 -1194 (9th Cir. 1999)

19        The government bears the burden of proving the qualifying prior convictions.

20   *Id*.   They have met that burden in this case.   Petitioner's exhibits include jury

21   instructions on count two, the robbery conviction, that demonstrate the defendant

22   accomplished the robbery by force and violence, or by intimidation, and that the

23   conviction was obtained pursuant to 18 U.S.C. § 2111, clearly included in the definition

24   of serious violent felony.  (Petition, Ex. C)

25        The burden is on Petitioner, then, to demonstrate the affirmative defense under

26   § 3559(c)(3)(A).  He does not meet this burden by showing that he was not found guilty

27   of count one of the indictment, assault with a dangerous weapon.  Petitioner must

28                              - 10 -

1    demonstrate, with evidence showing that it is more likely than not, that he had not used,

2    or threatened to use, a firearm when committing his prior robberies, and that no serious

3    bodily injury or death resulted.  *Kaluna*, 192 F.3d at 1196.  In this case, the burden is

4    even more onerous, because he must prove these things to be not just legally true, but

5    factually true.

6            To the extent the Ninth Circuit recognizes the application of the actual innocence

7    exception to non-capital sentencing claims, Petitioner does not present a viable claim

8    of innocence in this Petition.  The court need not reach the issue of Petitioner's claim

9    of actual innocence, however, because, as discussed below, Petitioner has not

10   demonstrated that he has not had an "unobstructed procedural shot" at presenting his

11   claim.

12                    *3.        Unobstructed Procedural Shot*

13           In this case, Petitioner states that he did not obtain the adjudication for the 1981

14   robbery, (Case No. 81-000-73A), until 2004, which was after Petitioner's initial § 2255

15   motion had been denied.  Subsequently, Petitioner has been unsuccessful in attempts

16   to work with the U.S. Probation office to correct errors in his presentence report.

17   Accordingly, Petitioner filed a motion for appointment of counsel to prepare and submit

18   a Writ of Coram Nobis on his behalf to correct his presentence report to reflect the

19   actual adjudication by the court on both robberies that were used to enhance his

20   sentence, but the sentencing court denied the motion for appointment of counsel.

21   (Reply, p. 2; Petition, Exs. G, H)

22           In denying Petitioner's request for counsel, the sentencing court considered,

23   pursuant to the "interests of justice" under 18 U.S.C. § 3006A(a)(2)(B), and "due

24   concern for fundamental fairness," the likelihood of success of Petitioner's claims.

25   (Petition, Ex. H)   The sentencing court held that "the propriety of defendant's

26   classification under § 3559(c) has been affirmed on both direct appeal and on

27   petitioner's first collateral attack under 28 U.S.C. § 2255. ... To the degree petitioner

28

1   seeks assistance of counsel to assert claims not raised in his first § 2255 petition, those

2   claims would likely be characterized as abusive and fail for lack of subject matter

3   jurisdiction. ... As petitioner stands virtually no chance of asserting this claim

4   successfully even with an attorney, nothing will be gained by appointing counsel to

5   purse this matter."  (Petition, Ex. H) (internal citations omitted).

6       Petitioner asserts that, as the sentencing court has already indicated that

7   Petitioner stands virtually no chance of asserting a claim in a successive § 2255 motion,

8   thereby rendering a § 2255 motion inadequate and ineffective, Petitioner's only

9   available avenue is a § 2241 petition.

10      Petitioner, however, cannot demonstrate that he "has not had an unobstructed

11  procedural shot" at presenting his claim, and thus does not qualify for the escape hatch

12  provision of § 2255.  *See Harrison v. Ollison*, 519 F.3d 952, 961, (9th Cir. 2008).

13  Petitioner's claim was available the day he was given notice of the sentencing

14  enhancement, and certainly, no later than the date of sentencing.  Petitioner could have

15  raised it in his initial § 2255 petition.  The legal and factual basis for Petitioner's claim

16  was available to Petitioner prior to exhaustion of his direct appeal and presentation of

17  his first § 2255 motion.  In fact, Petitioner asserts that he presented copies of the F-5028

18  adjudication in his initial § 2255, "which the district court failed to consider, or make

19  part of the record."  (Petition, p.6)  Thus, he has not been denied a chance to present it.

20  Consequently, the fact that he may be procedurally barred from raising it now does not

21  mean that § 2255's remedy was "inadequate or ineffective."  The denial of a prior §

22  2255 motion or its equivalent does not render it inadequate or ineffective. *Aronson v.*

23  *May*, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to

24  render § 2255 inadequate.); *Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999)

25  (rejecting contention that § 2255 motion might be ineffective or inadequate because the

26  prisoner's § 2255 motion might be second or successive).  Accordingly, this Court

27  concludes that Petitioner has failed to carry his burden to demonstrate that the remedy

28                                    - 12 -

1  available under section 2255 is inadequate or ineffective.  Hence, should Petitioner wish
2  to pursue this claim in federal court, he must do so by way of a motion to vacate, set
3  aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

4      Having established that Petitioner has not demonstrated that a motion under §
5  2255 is inadequate or ineffective to test the legality of his detention, this Court cannot
6  construe the instant petition as a § 2255 motion because it lacks jurisdiction over such
7  a motion.  *See Collins v. Pontesso*, 54 Fed.Appx. 665, n.1 (9th Cir. 2003); *Tripati*, 843
8  at 1162 (stating that a § 2255 motion must be filed in the sentencing court).  Moreover,
9  Petitioner has already filed one motion pursuant to § 2255, and he would therefore be
10 required to seek the approval of the Fourth Circuit before the district court could accept
11 it.  *See* 28 U.S.C. § § 2255, 2244(b)(3)(A).

12 **III.    RECOMMENDATION**

13     After careful consideration of the Petition and all papers filed in this action, the
14 Magistrate Judge recommends that the District Court dismiss this action in its entirety.

15

16     Petitioner has not demonstrated that he has not had an "unobstructed procedural
17 shot" at presenting his claim, nor has he demonstrated a claim of actual innocence, the
18 Magistrate Judge recommends that the District Judge find that the Petitioner may not
19 proceed by way of this § 2241 Petition.

20

21     The Ninth Circuit has instructed that, once a custodial court concludes that a
22 petition brought under § 2241 is actually a motion pursuant to § 2255, and that motion
23 would be a second or successive petition the filing of which has not been authorized by
24 the court of appeals, the custodial court should dismiss the motion.  *See Hernandez v.*
25 *Campbell*, 204 F.3d at 866.

26

27

28

1    Pursuant to Title 28 U.S.C. § 636(b), any party may serve and file written
2    objections within 10 days of being served with a copy of this Report and
3    Recommendation.  If objections are not timely filed, they may be deemed waived.

4

5    If objections are filed, the parties should use the following case number: **CV 07-**
6    **0451-TUC-DCB (BPV).**

7

8    DATED this 29th day of July, 2008.

9

10

11

12    Bernardo P. Velasco
       United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28