**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| Anthony Scales<br>(Reg. No. 11302-083), | ) | CV-07-0451-TUC-DCB |
| | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Ricardo Chavez, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Pending before the Court are Petitioner's Objections to the Magistrate's Report and Recommendation, which recommends dismissal of Petitioner's Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. §2241.  Having performed its *de novo* review of the action, this Court finds the Objections without merit and will adopt the Magistrate's Report and Recommendation as the ruling of the Court.

**DISCUSSION**

**A.**     **Standard of Review**

When objections are made to the findings and recommendations of a magistrate judge, the district court must conduct a *de novo* review. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

**B.**     **Objections**

First, Petitioner claims that the Report and Recommendation (R&R) fails to consider certified copies of prior convictions used by the Eastern District of Virginia to sentence Petitioner to life in prison. Second, Petitioner claims that the Report and Recommendation fails to

address pertinent Ninth Circuit Court of Appeals case law.   Petitioner goes on to rehash many of the claims and allegations previously lodged in the direct criminal appeal and in motions to vacate his federal sentence.

### C.  *De Novo* Review

In August 1998, after a jury trial in the United States District Court for the Eastern District of Virginia, Petitioner was convicted of distribution of crack cocaine; use and carry of a firearm during a crime of violence or drug trafficking offense; possession with intent to distribute crack cocaine; use and carry of a firearm during a crime of violence or drug trafficking offense; possession of a firearm by a convicted felon; obstruction of justice; attempted killing of a witness (tampering) and aiding and abetting; and possession with intent to distribute crack cocaine. See *United States v. Scales*, 231 F.Supp. 437 (E.D.Va. 2002); *United States v. Scales*, 2 Fed. Apex. 390, 391 (4th Cir. 2001).   Petitioner was sentenced to life in prison under 18 U.S.C. § 3559, plus forty-five years.

On June 30, 1999, the federal court in the Eastern District of Virginia (1:98CR00114) treated a letter from Petitioner as a motion to correct sentence pursuant to Fed.R.Crim.P. 35 and denied it as untimely filed. On May 22, 2002, Petitioner filed a Motion to Vacate Federal Sentence pursuant to 28 U.S.C. §2255, which was denied on the merits. Petitioner filed an appeal from the denial of the §2255 motion, which was dismissed.   In November 2005, Petitioner filed a motion to file a successive application for relief pursuant to 28 U.S.C. §2244 with the Fourth Circuit Court of Appeals, which was denied (Appeal Case No. 07-6226). On September 10, 2007, Petitioner filed the herein motion pursuant

to 28 U.S.C. §2241 with this Court, challenging his sentence of life imprisonment under the federal "Three Strikes" statute imposed by the sentencing court.   Petitioner's sole claim is that he is factually innocent of the sentence enhancement offenses.

Petitioner is incarcerated in a prison facility within our jurisdiction, but this Court is not the sentencing court. A federal prisoner may file a habeas petition under § 2241 to challenge the legality of a sentence when the prisoner's remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. If a prisoner's claims qualify for the escape hatch of § 2255, the prisoner may challenge the legality of a sentence through a § 2241 petition in the custodial court. *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir.2000).

This Court concludes that Petitioner has not properly invoked the "escape hatch" exception of §2255 that would permit him to file a petition for habeas corpus under §2241. *Stephens v. Herrera*, 464 F.3d 895, 896 (9th Cir. 2006); *Hernandez,* 204 F.3d at 866. Petitioner "cannot satisfy the actual innocence requirement. In this circuit, a claim of actual innocence for purposes of the escape hatch of §2255 is tested by the standard articulated by the Supreme Court in *Bousley v. United States,* 523 U.S. 614(1998): 'To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.' *Id.* at 623." *Stephens*, 464 F.3d at 898.   This Court adopts the Report and Recommendation's analysis that Petitioner's arguments of actual innocence of the predicate convictions used for enhancement purposes are not persuasive and do not present viable claims of innocence. (R&R at 6-11.)

The Magistrate Judge was not required to review the "certified copies of the actual adjudication" of both robberies to reach this conclusion. (Objections at 2.)

Petitioner's objections are not well taken, because after a thorough and exhaustive review of the law as it is applied to Petitioner's case, the Magistrate Judge correctly concluded that "Petitioner has not demonstrated that he has not had an 'unobstructed procedural shot' at presenting his claim, nor has he demonstrated a claim of innocence."(R&R at 13.)  The Magistrate Judge recommends that because the requirements for filing a Section 2241 in lieu of a Section 2255 have not been met, this Section 2241 habeas petition may not be treated as a successive Section 2255 motion and the action should be dismissed for lack of jurisdiction.  Ninth Circuit case law supports this conclusion. *Stephens*, 464 F.3d at 899.

**Accordingly,**

**IT IS ORDERED** that the Court, after conducting a *de novo* review of the record, **ADOPTS** the Report and Recommendation (Doc. No. 16) in its entirety as the ruling of the Court.

**IT IS FURTHER ORDERED** that the Petitioner's Petition Under 28 U.S.C. §2241 for a Writ of Habeas Corpus by a Person in Federal Custody is **DISMISSED** for lack of jurisdiction.  This action is terminated.

**IT IS FURTHER ORDERED** that the Clerk's Office is directed to send a copy of this Order to the Fourth Circuit Court of Appeals(Case Nos. 07-6226; 03-6202), as well as the United States District Court for the

//

//

Eastern District of Virginia (Alexandria)(*USA v. Scales*, Case No: 1:98CR00114).

DATED this 5th day of September, 2008.

David C. Bury
United States District Judge

*copy to 4th CCA; USDC/Eastern District of Virginia on 9/5/08 by cjs*

5